IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FOYER CAPITAL MANAGEMENT, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:15-cv-11490 |
| AO1 SOLUTIONS, INC. d/b/a PLAYER'S HEALTH, | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff, FOYER CAPITAL MANAGEMENT, LLC, by and through its undersigned attorneys, as its Complaint ("Complaint") against Defendant, AO1 SOLUTIONS d/b/a Player's Health, complains as follows:

### I. PARTIES

1. Plaintiff, FOYER CAPITAL MANAGEMENT, LLC ("Foyer Capital"), is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 6400 E. Thomas Road, Scottsdale, Arizona 85251. Foyer Capital is engaged in the business of, among other things, marketing sports-injury tracking software on behalf of Defendant.

2. Defendant, AO1 SOLUTIONS ("Player's Health"), is a corporation organized and existing under the laws of the State Delaware, with its principal place of business located at 222 W. Merchandise Mart Plaza, Chicago, Illinois. Player's Health manufactures, produces, and sells sports injury-tracking software.

## II. JURISDICTION AND VENUE

3. The parties are completely diverse in citizenship and the amount in controversy is in excess of $75,000 excluding interest and costs. Jurisdiction is proper pursuant to 28 U.S.C. 1332.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the transactions out of which these causes of action arose occurred, in part, in this District.

## III. CLAIMS

### COUNT I
### (Breach of Written Contract - Against Player's Health)

5. Foyer Capital restates and realleges the allegations contained in Paragraphs 1 through 4 of the Complaint as Paragraph 5 of Count I of the Complaint as though fully set forth herein.

6. On or about May 15, 2015, Player's Health entered into an automatically renewing, two-year Sales Representative Agreement ("Agreement") with Foyer Capital. (A true and correct copy of the Agreement is attached hereto as Exhibit "A" and made a part hereof.)

7. The Agreement provided, among other things, for payment as follows: "Consultant as compensation for his services a commission of thirty percent (30%) on the net amount of sales made, installed and/or distributed into the Consultant's users, consisting of those designated. Net sales is defined as total gross revenues less any discounts applied." (Agreement at ¶ 2)

8. Pursuant to the Agreement, Foyer Capital successfully solicited and entered into agreements with several customers that would yield several hundred million dollars in sales for Player's Health.

9. On or about August 26, 2015, Player's Health terminated the Agreement.

10. The letter terminating Foyer Capital stated that the Agreement was "at will" and could be terminated for any reason and provided in part that "This letter will serve as written notice of rejection of any and all outstanding orders entered into or considered by you on behalf of either Player's Health, Ao1 Solutions, Inc., or their derivatives." (A true and correct copy of the Termination Letter is attached hereto as Exhibit "B" and made a part hereof.)

11. The Agreement provided that in the event of termination, "[T]he Consultant shall receive commissions on all orders and sales… on all reorders on such sales or orders, even though the installments thereof are not made until after such termination of services. " (Agreement at ¶ 7(b)). "In the event of termination, Consultant shall be paid for any portion of the commissions that have been performed prior to the termination." (Agreement at ¶ 6(b)).

12. To date, Foyer Capital has not been paid any commissions.

13. By terminating the agreement and rejecting all outstanding orders, Player's Health has breached the terms of the Agreement.

14. As a result of the breach of the Agreement by Player's Health, Foyer Capital has been damaged in the amount of the commissions on sales to customers of Player's Health it solicited prior to termination and all sales it would have secured had it completed the term of the Agreement.

15. Foyer Capital complied with all of his obligations owed to Player's Health under the Agreement.

WHEREFORE, Plaintiff, FOYER CAPITAL MANAGEMENT, LLC, respectfully requests that the Court enter judgment against Defendant, AO1 SOLUTIONS, in its favor; award it compensatory damages in an amount in excess of $75,000, costs, and attorneys' fees; and grant

any and all further relief that the Court deems to be necessary or appropriate under the circumstances.

                                              Respectfully submitted,
                                              **FOYER CAPITAL, LLC,**
                                              Plaintiff

                                              By:     /s/*Alexander N. Loftus*
                                                          One of Its Attorneys

Daniel J. Voelker, Esq.
Alexander N. Loftus, Esq.
VOELKER LITIGATION GROUP
311 W. Superior Street, Ste. 500
Chicago, Illinois 60654
Telephone: (312) 870-5430
Facsimile: (312) 870-5431
E-mail: alex@voelkerlitigationgroup.com


Dated: December 21, 2015